# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DWS INTERNATIONAL, INC.,
dba Marble Dimensions Worldwide, Inc.,

       Plaintiff,       :       Case No. 3:09-cv-458

                                           District Judge Thomas M. Rose
       -vs-                                   Magistrate Judge Michael R. Merz

                                           :

MEIXIA ARTS AND HANDICRAFTS
 CO., LTD, et al.,

       Defendants.

## DECISION AND ORDER ON MOTION TO COMPEL

This case is before the Court on Motion of Defendant Thomas Sudyk to Compel Attendance of Witnesses (Doc. No. 109).  Mr. Sudyk wishes to depose James Huang and Adam Chen in either Dayton, Ohio, or at some unspecified place in China.  He asserts that they are sufficiently under Plaintiff's control that Plaintiff should be obliged to produce them.

Plaintiff responds that the two witnesses are not under its control, that Mr. Sudyk never mentioned a desire to depose Adam Chen before filing the Motion to Compel, and that Mr. Sudyk has not noticed either of these depositions nor served a subpoena on either witness.

Defendant Sudyk replies by reasserting MDW's control of the witnesses and by claiming that the Plaintiff's Memorandum in Opposition was untimely filed and should not be considered.

**Analysis**

The Motion to Compel is properly analyzed under Fed. R. Civ. P. 37.

1

Mr. Sudyk filed his Motion to Compel on October 4, 2010, with a Certificate of Service claiming distribution by email on October 1, 2010 (Doc. No. 109, PageID 1448). He filed his Motion on October 4, 2010, resulting in service of the Motion through the Court's electronic case filing system on the same date. Fed. R. Civ. P. 6(d) provides that when a document is served as provided in Fed. R. Civ. P. 5(b)(2(C), (D), (E), or (F), three days are added to any time period within which a party may act in response to the served document. Fed. R. Civ. P. 5(b)(2)(E) permits service by electronic means if the party being served has consented to service by that means. The Court is not aware of any consent by Plaintiff to be served by email. However, Plaintiff's counsel are registered users of the Court's electronic case filing system and by registering, they consented to electronic service by means of that system. S. D. Ohio Civ. R. 5.2(b); Electronic Filing Policies and Procedures Manual II.B.1.a. Thus the effective date of service of the Motion is October 4, 2010. Under S. D. Ohio Civ. R. 7.2(a)(2), a party served with a motion has 21 days to file a memorandum in opposition. Since the service was by electronic means, three days are added by virtue of Fed. R. Civ. P. 6(d). Therefore MDW's memorandum in opposition was due not later than October 28, 2010. Since it was filed on October 25, 2010, it was timely.

In its Memorandum in Opposition, MDW asserts Adam Chen was never discussed as a potential witness before the Motion to Compel was filed. Mr. Sudyk does not dispute this assertion in his Reply. Therefore as to Mr. Chen the Motion to Compel was filed without compliance with Fed. R. Civ. P. 37(a)(1) and is denied as to him.

MDW has asserted that James Huang has never been its employee and is not otherwise under its control (Memo. in Opp., Doc. No. 128, PageID 1695). MDW claims that a notice of deposition is sufficient to require the attendance of a non-party witness only if that person is an officer, director, or managing agent of a party. *Id.* at PageID 1698-1698, citing *EEOC v. Honda of Am. Mfg., Inc.*, 2007 U.S. Dist. LEXIS 14496 (S.D. Ohio 2007)(Kemp, M.J.). Judge Kemp held:

> The general rule relating to depositions of non-party witnesses, including persons who may either have or have had a relationship with a corporate party, can be stated as follows. If the witness is not an officer, director, or managing agent of a corporate opponent, "[s]uch a witness must be subpoenaed pursuant to Rule 45…or, if the witness is overseas, the procedures of the Hague Convention or other applicable treaty must be utilized." *Stone v. Morton International*, 170 F.R.D. 498, 503 (D. Utah 1997). The determination as to whether a deponent is an officer, director, or managing agent of a corporate party is made at the time the deposition is noticed, rather than at the time that the events in question occurred. *In re Honda Motor Co., Inc., Dealership Relations Litigation*, 168 F.R.D. 535 (D. Md. 1996). The burden is on the party noticing the deposition to demonstrate that the deponent is an officer, director, or managing agent of the corporate opponent. *Id.* However, this burden has been described as "modest" and may require nothing more than a showing that it is a "close question" as to whether the needed relationship exists. See *Boss Mfg. Co. v. Hugo Boss AG,* 1999 U.S. Dist. LEXIS 125, 1999 WL 20828 (S.D.N.Y. January 13, 1999).

*Id.* at *5-6. Judge Kemp's decision is dispositive precedent. Whatever the relationship between James Huang and MDW, it is not asserted and no proof has been offered that he is a director, officer, or managing agent.

The Motion to Compel is denied.

November 27, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

3