UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DWS INTERNATIONAL, INC.,
dba MARBLE DIMENSIONS
WORLDWIDE, INC.,

    Case No. C-3:09-cv-458

  Plaintiff,

    Judge Thomas M. Rose

-v-

MEIXIA ARTS AND HANDICRAFTS,
CO., LTD., et al.,

  Defendants.

---

**ENTRY AND ORDER OVERRULING HOME CASUAL'S POST-TRIAL MOTIONS FOR JUDGMENT, NEW TRIAL AND REMITTITUR (Doc. #298)**

---

  On July 8, 2011, a Jury of seven individuals unanimously found that Defendant Home Casual, LLC ("Home Casual") intentionally interfered with Plaintiff DWS International, Inc. dba Marble Dimensions Worldwide's ("MDW's") business relationship with Meixia Arts and Handicrafts Co. Ltd. ("Meixia") without justification. (Doc. #277.) The Jury awarded $1.5 million in compensatory damages, $250,000 in punitive damages and attorneys' fees.

  Home Casual now seeks judgment as a matter of law on MDW's claim because the release in the Settlement Agreement applies to MDW's claim and because MDW failed to prove interference. MDW also seeks judgment as a matter of law on the Jury's award of punitive damages. As more fully explained below, Home Casual is not entitled to judgment as a matter of law.

  In the alternative, Home Casual seeks a new trial on the Jury awards of compensatory and punitive damages because the awards are against the weight of any reasonably certain

evidence. As more fully explained below, Home Casual is not entitled to a new trial.

Finally, Home Casual seeks remittitur of the Jury's compensatory damage award because it is beyond supportable proof and remittitur of the Jury's punitive damage award because it is excessive. As more fully explained below, Home Casual is not entitled to any remittitur.

Now before the Court is Home Casual's post-trial motions for judgment as a matter of law or for a new trial and/or for remittitur. (Doc. #298.) These Motions are now fully briefed and ripe for decision.

Home Casual's Motions are, in essence, three motions. Each will be addressed seriatim.

## JUDGMENT AS A MATTER OF LAW

### Relevant Legal Provisions

Judgment as a matter of law, pursuant to Fed. R. Civ. P. 50, is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *U.S. Diamond & Gold v. Julius Klein Diamonds LLC*, No. C-3-06-371, 2009 U.S. Dist. LEXIS 44726 at *12 (S.D. Ohio May 13, 2009). "Said another way, judgment as a matter of law is appropriate 'whenever there is a complete absence of pleading or proof on an issue material to the cause of action or when no disputed issues of fact exists such that reasonable minds would not differ.'" *Id.*(quoting *Jackson v. FedEx Corporate Services, Inc.*, 518 F.3d 388, 392 (6th Cir. 2008)). When a motion for judgment as a matter of law is renewed after trial, as is the case here, a court may: (1) allow the judgment on the verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law. Fed. R. Civ. P. 50(b).

When considering a motion for judgment as a matter of law, "[t]he court reviews all

evidence and draws all reasonable inferences in a light most favorable to the party against whom the judgment as a matter of law is being considered." *U.S. Diamond &* Gold, U.S. Dist. LEXIS 44726 at *12. However, the court may not consider the credibility of witnesses or weigh the evidence. *Id.* at *11. "A motion for judgment as a matter of law presents a question of law even though a decision on such a motion requires consideration of the evidence." *Id.* at *12.

**Analysis**

Home Casual argues that it is entitled to judgment as a matter of law because the release in the Settlement Agreement applied to MDW's present claims. Prior to trial, the Court found that a genuine issue of material fact existed as to whether the release in the Settlement Agreement applied to MDW's claims in this matter. Further, evidence was introduced at trial that the release in the Settlement Agreement did not apply to MDW's claims in this matter. Specifically, David Stegman, Sr., testified that it was his understanding that there was absolutely no connection between the Posada recall, which resulted in the Settlement Agreement, and MDW's claims in this matter. (Trial Transcript ("TT") 1513-14, 1612-14.) Thus, there was evidence from which a reasonable juror could conclude that the release in the Settlement Agreement does not apply to MDW's present claims. Therefore, there was a legally sufficient basis from which a juror could conclude that the release included in the Settlement Agreement does not apply to the claims in this matter. Home Casual is not entitled to judgment as a matter of law on this issue.

Home Casual also argues that it is entitled to judgment as a matter of law because MDW failed to prove an act of interference by Home Casual and that any interference by Home Casual was both justified and proper. However, there was evidence from which a reasonable juror could

conclude that Home Casual interfered with MDW's business relationship with Meixia, without justification to do so.

Evidence that Don Corning ("Corning") discussed his plan to work directly with Meixia in internal emails was introduced. Further, there was evidence that Corning told Meixia that Stegman was "unbelievably untruthful," claimed that MDW had made misleading and outright false statements and asserted that MDW had not acted in good faith and had acted to avoid responsibility. Also, there was evidence that, in exchange for a Home Casual partnership with Meixia, Corning promised to open a $500,000 line of credit for Meixia and promised to purchase between $5 million and $8 million of the GFRC tabletops in 2009 alone. Finally, there was evidence introduced that Home Casual filed a collection action against MDW that provided a reason for Meixia to terminate its relationship with MDW. Although Home Casual may have presented evidence to the contrary, there is evidence from which a reasonable juror could conclude that Home Casual interfered with MDW's business relationship with Meixia without justification to do so and it is for the Jury, and not the Court, to determine the credibility of the evidence submitted.

Finally, Home Casual argues that it is entitled to judgment as a matter of law on MDW's punitive damages claim because there was no evidence of actual malice. Home Casual also argues that the Jury was confused due to the difference in the definition of malice for purposes of the conspiracy claim and the definition of malice for purposes of punitive damages.

Actual malice is defined by the Ohio Supreme Court as a state of mind characterized by hatred, ill will or a spirit of revenge or a conscious disregard for the rights and safety of another person that has a great probability of causing substantial harm. This is the definition that was

provided to the Jury in the "Punitive Damages and Attorneys' Fees" section of the Jury Instructions, and presumably the Jury is able to follow the instructions given.

As for evidence, MDW presented emails from which a reasonable juror could conclude that Home Casual actually expressed malice as defined for punitive damages purposes. MDW presented emails in which Corning stated he wanted to "screw" MDW and that he was not a fan of Stegman's. MDW also presented other emails in which employees of Home Casual discussed wanting to cut MDW out of the relationship with Meixia. Finally, MDW presented evidence that Corning referred to Stegman as a "piece of shit." Apparently the Jury believed what Corning said in his emails instead of what he said on the witness stand and it is not for the Court to weigh credibility.

## Conclusion

In this case, MDW has been fully heard on its intentional-interference claim and for punitive damages therefore and there is a legally sufficient evidentiary basis for a reasonable jury to have found for MDW on that claim and the punitive damages therefore. As a result, Home Casual's post-trial Motion for Judgment As a Matter of Law is OVERRULED.

## NEW TRIAL

### Legal Provisions

A new trial may be granted "in any action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States. Fed. R. Civ. P. 59(a). In this case, there has been a trial by jury and Home Casual seeks a new trial because the award of compensatory damages and the award of punitive damages were erroneous.

Courts have granted new trials when the jury has reached a "seriously erroneous result." *Thomas & Marker Construction Co. v. Wal-Mart Stores, Inc.*, No. 3:06-cv-406, 2009 U.S. Dist. LEXIS 40148 at *18 (S.D. Ohio Apr. 27, 2009). A "seriously erroneous result" is evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion such as the proceedings being influenced by prejudice or bias. *Id.* at *18-19. Thus, Home Casual has identified a proper legal basis for seeking a new trial.

When considering a motion for a new trial because the verdict is against the weight of the evidence, the court may not set aside the jury verdict because the court believes that another outcome is more justified. *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007). The jury's verdict must be accepted "if it is one which reasonably could have been reached." *Id.*(citing *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir. 1967)). Thus, the court may not substitute its judgment of the facts and the credibility of the witnesses for that of the jury. *Id.*(citing Duncan, 377 F.2d at 54).

**Analysis**

Home Casual argues that the jury award of compensatory and punitive damages is against the weight of any reasonably certain evidence. It argues that the compensatory damages award is against the weight of the evidence due to MDW's expert, Richard Eichmann's ("Eichmann's"), calculations. This argument has already been fully briefed and decided by the Court. The Court determined that "whether or not MDW can demonstrate the existence of lost profits with reasonable certainty is for the finder of fact and not the Court."

Eichmann was permitted to testify. Home Casual did not offer its own expert opinion.

Home Casual was permitted to fully cross-examine Eichmann as to his calculations and to argue to the Jury as to why it thought Eichmann's calculations were faulty. Eichmann testified that MDW was damaged in an amount exceeding $7.9 million. (TT 765.) Eichmann's damage estimate was composed of several different scenarios including $2.3 million if MDW had not been granted exclusivity. The Jury awarded $1.5 million which is not against the weight of the evidence, excessive or unfair to Home Casual. Thus, a new trial on this basis is not warranted.

Home Casual also argues that the punitive damage award is seriously erroneous because it is unreasonable and against the weight of the evidence. The punitive damage award is unreasonable and against the weight of the evidence, according to Home Casual, because the jury was "likely" confused about two varieties of malice. However, as discussed above, the jury instruction regarding punitive damages and the required showing of malice was clear. If Home Casual thought there could be confusion, Home Casual could have and should have addressed the issue in its closing argument.

## Conclusion

Home Casual has not shown that the Jury in this matter reached a "clearly erroneous result." Therefore, Home Casual is not entitled to a new trial.

## REMITTITUR

A court may grant remittitur of a damages award when the award clearly exceeds the maximum amount that a jury could reasonably find. *Benaugh v. Ohio Civil Rights Commission*, 278 F. App'x 501, 513 (6th Cir. 2008). An award must fall if, for example, it is "beyond the range supportable by proof" or is "the result of a mistake." *Bridgeport Music, Inc. v. Justin Combs Publishing*, 507 F.3d 470, 484 (6th Cir. 2007)(citing *Gregory v. Shelby County*, 220 F.3d

433, 443 (6th Cir. 2000)).

Home Casual argues that the award of compensatory damages should be remitted to $100,000, at most, because it is beyond supportable proof and exceeds what the evidence will support. However, as set forth above, the compensatory damage award is not against the weight of the evidence, excessive or unfair to Home Casual, and will, thus, not be remitted.

Home Casual also argues that the award of punitive damages should be remitted because it is grossly excessive in light of the Due Process Clause of the Fourteenth Amendment's prohibition against grossly excessive or arbitrary punishment. However, the punitive damage award of $250,000, as set forth above, is not against the weight of the evidence, excessive or unfair to Home Casual. Further, the ratio of this punitive damage award to the compensatory damages award of $1.5 million is 0.167. Such a ratio does not violate the Due Process Clause.

## SUMMARY

Home Casual is not entitled to judgment as a matter of law on MDW's intentional interference claim. Nor is Home Casual entitled to a new trial or a remittitur of the compensatory or punitive damages awarded by the Jury. Thus, Home Casual's Post-Trial Motions for Judgment, New Trial and Remittitur (doc. #298) are OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-First Day of September, 2011.

                                                     **s/Thomas M. Rose**

                                                   THOMAS M. ROSE
                                      UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record